Simon, J.
delivered the opinion of the court.
This suit was instituted on a written instrument subscribed by the defendant’s wife, in the following words: “ Beceived, New Orleans, 31st October, 1837, of Elisha Orocker, three hundred and twelve dollars, to be repaid in sixty days from this date, and, as a collateral security for the repayment, I do hereby place into his hands the following articles, viz.: one pair diamond ear-rings, two diamond rings, one diamond breast-pin, one pair gold buckles, one pair gold ear-rings, with breast-pin. (signed) E. Monrose.” Plaintiff also represents that the articles therein mentioned were in his house, safely deposited with money and other valuables belonging to him; that said house was, during his absence, totally consumed by fire, and that said fire was not to be ascribed to any fault of his, or of any of his agents, and was the [555.] result of inevitable accident. He further states that the money was borrowed by defendant through the agency of his wife, who was authorized by him, and whose acts he has approved; that the sum loaned was applied to the defendant’s own purposes, and that said defendant’s wife is in the habit of transacting a great part of his business.
The defendant first pleaded the general issue, and further averred, that the jewels were of the value of $600; that they were deposited for the rejiay *706 ment of $312, loaned to Ms wife; that he never authorized his said wife to borrow said money, and give the receipt or obligation annexed to plaintiff’s petition. He, also alleged, that a short time previous to the institution of this suit, he tendered to the plaintiff, at his domicil, and in the presence of witnesses, the amount of the money loaned, with interest, and demanded the delivery of the jewels, hut that plaintiff refused to deliver the same; that he made repeated demands at different periods to the same effect; and notified plaintiff of his readiness to repay at any time the said sum of money, with interest, on his delivering the jewels, holding said plaintiff responsible for the value of the same, to the amount of $600, which he pleads in reconvention. He prays judgment accordingly.
There was judgment below against plaintiff, and in favor of the defendant, with costs of suit; from which judgment the plaintiff appealed.
The only evidence adduced in this case, except the production of the receipt sued on, is relative to the destruction by fire of -the defendant’s jewels, and it is very loose and unsatisfactory. One of the witnesses shows, that plaintiff’s house was burned down; that the fire was sudden and rapid ; and that some pieces of metal which were white and hard, were picked up among the ruins. The other witness proves, that he was living at plaintiff’s house at the time of the fire; that he saw -a box in the house containing jewels, which box was put on the top of an armoir; that plaintiff took down the [556] box, took out some specie, and put some back again in it; that a day or two before going away, the plaintiff took the jewels out of the box, and put them hack again, and then put the box on the top of the armoir; that the box was burned with the fire; that he saw the pieces after the fire, found some metal melted up which was supposed to he the jewels, and that he has every reason to believe that said jewels were in the box when the house burned up.
'With this unsatisfactory evidence, it seems to us that this case is not in :sueh a condition as to enable us to decide upon the rights or liabilities of the parties, and that neither of them is entitled to any judgment at our hands. The plaintiff has adduced no proof of the authorization of the wife by the defendant, nor has he sufficiently established the other allegations contained in his petition, upon which he seeks to make the defendant liable, and to free himself from the obligation of restoring the pledge.
It is true, that according to the art. 313d of the Louisiana Oode, the pledgee is only answerable for the loss or decay of the pledge which may happen through Ms fault; and that under the art. 1902, his principal obligation is to take all the care of the thing pledged that could be expected from .a prudent administrator; this rule being subject, however, to further restrictions or modifications. But here the evidence does not satisfy us, that the very jewels in question were destroyed by the fire of the plaintiff’s house during his absence, as by him alleged; that they are not in any manner identified ; and if they were the same, it is not shown that any degree of care and diligence has been used to save and preserve them. If, with regard to .the pledgor, he cannot retake the objeots pawned without paying the whole .■amount.of the debt in principal and interest; on the part of the pledgee, the *707 restoration of the pledge is a condition withont which a recovery cannot he had; they must take place simultaneously; and in order to he discharged from this obligation, the pledgee must show not only that the thing pledged is lost or destroyed, hut also that he unsuccessfully used all necessary [657] care and diligence to preserve it.
This makes it unnecessary to inquire into the legal effect of the offer made hy the defendant to pwy the amount of the loam% as even supposing that his (said defendant’s) allegations could he considered as a sufficient ratification of the act of his wife, the plaintiff, from the insufficiency of his evidence, would not he entitled to a judgment.
As to the reconventional demand set up hy the defendant, there is no proof whatever of the value of the jewels; and were we ready to say that the objects pawned belong to him, and that he has a right of recovering them, or their value, we should be without any criterion upon which our judgment could he based.
With this view of the case, we think that the judgment appealed from, so far as it allows nothing to either of the parties, is correct, hut that it ought to have been limited to a mere judgment of nonsuit.
It is therefore ordered, adjudged and decreed, that the judgment of the district court he affirmed, with costs, and that the same he so modified as to have only the effect of a nonsuit.